IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **EARNEST PHILLIPS #09-31222** | § | |
| | § | |
| **V.** | § | A-09-CA-875-LY |
| | § | |
| **POST OFFICER RIVERA, et al.** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

To:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's civil rights complaint and more definite statement. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint, Plaintiff was confined in the Travis County Correctional Complex in Del Valle, Texas. Plaintiff alleges Inmate Hernandez challenged him to a fight, and Post Officer Rivera told them, "y'all want to fight then take it to the cell then." Plaintiff contends Hernandez interpreted this as permission to fight. Plaintiff states Hernandez took off his shirt and ran up the stairs to the Plaintiff. According to Plaintiff, Hernandez swung at him, and Officer Rivera pushed the emergency button. Plaintiff complains Officer Rivera did nothing else to stop the fight and charged Plaintiff with a disciplinary violation even though he did not fight back. According to Plaintiff, the charge was changed to failure to follow an oral directive. As a result, Plaintiff was

placed in lockdown from October 16, 2009, the date of the incident, until October 27, 2009. Plaintiff was not actually released from lockdown until October 31, 2009. Plaintiff complains he was tortured and suffered four extra days in the maximum lockdown. Plaintiff surmises this was retaliation from Officer Rivera, who Plaintiff contends harassed him.

Attached to Plaintiff's complaint are his grievances regarding his placement in lockdown. On November 9, 2009, Officer Whitney informed Plaintiff his extended stay in lockdown was due to a mistake in Plaintiff's disciplinary entries. Whitney explained it appeared Plaintiff was involved in two altercations. When it was discovered that Plaintiff was not involved in the second altercation, Whitney indicates Plaintiff was released.

Plaintiff does not allege he suffered any injury in the altercation with Inmate Hernandez. He does, however, allege he "suffers back pain, mental stress, and feel[s] intimidated" when he sees Officer Rivera. Plaintiff sues Officer Rivera and the Travis County Correctional Complex. The Court is uncertain as to the exact claims Plaintiff is raising. He appears to raise claims concerning his disciplinary charge, retaliation, and Rivera's failure to protect him. He requests that "fair and justice is done."

DISCUSSION AND ANALYSIS

A.     Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). The factual allegations must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While pro se complaints are held to less stringent standards than those drafted by lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent [dismissal]." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

B.  Entities Not Capable of Being Sued

The Travis County Correctional Complex is not a legal entity capable of being sued. See Guidry v. Jefferson County Detention Center, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit); Darby v. Pasadena Police Dep't, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action). Therefore, Plaintiff's claims against the Travis County Correctional Complex should be dismissed.

C.  Disciplinary Hearing

As a pretrial detainee, Plaintiff receives protection from the Fourteenth Amendment.

> In Bell v. Wolfish, 441 U.S. 520 (1979), the United States Supreme Court set forth the standards for evaluating the constitutional rights of pretrial detainees. Since they are presumed innocent, they cannot be "punished" while in custody. Consequently, the Eighth Amendment standards allowing "punishment" (as long as it is not cruel and unusual) do not apply. Pretrial detainees are, however, subject to restrictions on their liberty insofar as those are necessary for maintenance and security of the jail. This curtailment on liberty must nonetheless comply with due process of law. The test is whether the particular restriction is reasonably related to a legitimate prison objective, other than punishment. If it is, then no right is violated.

Grabowski v. Jackson County Public Defenders Office, 47 F.3d 1386 (5th Cir. 1995).

3

Plaintiff has not alleged he was disciplined as punishment for prior unproven criminal conduct. Rather, Plaintiff's allegations indicate he was punished for failing to obey an oral directive. Other circuits have held that pretrial detainees are not immune from prison disciplinary actions. See Rapier v. Harris, 172 F.3d 999, 1003 (7th Cir.1999) (holding that prison officials could place a pretrial detainee in disciplinary segregation); Mitchell v. Dupnik, 75 F.3d 517, 524 (9th Cir.1996) (same); Collazo-Leon v. United States Bureau of Prisons, 51 F.3d 315, 318 (1st Cir.1995)(same). These courts state that prison officials can impose reasonable punishment to enforce reasonable disciplinary requirements so long as the punishment is not for prior unproven conduct. Collazo-Leon, 51 F.3d at 318. As unconvicted citizens, pretrial detainees deserve at least the protections of convicted inmates at a disciplinary hearing. See Rapier, 172 F.3d at 1004 (requiring a due process hearing before officials can discipline detainees); Mitchell, 75 F.3d at 524 (same).

Plaintiff admits he was disciplined after a board hearing and was granted partial relief after he appealed the Board's decision. Plaintiff does not suggest he was denied due process with regard to the disciplinary charge. Plaintiff's punishment appears to have furthered a legitimate governmental objective of maintaining security, internal order, and security within the institution. Plaintiff simply has not alleged sufficient facts to state a claim with regard to his disciplinary charge.

D. Retaliation

To the extent Plaintiff is attempting to assert a retaliation claim, his claim fails. In order to state a valid claim for retaliation under § 1983, a prisoner must allege the following: (1) a specific constitutional right; (2) the defendant's intent to retaliate against the prisoner for the exercise of that right; (3) a retaliatory adverse act; and (4) causation. Jones v. Greninger, 188 F.3d 322, 324-325 (5th Cir. 1999). If the inmate cannot point to a specific constitutional right that has been violated, the

claim will fail. Id. at 325 (citing Tighe v. Wall, 100 F.3d 41, 43 (5th Cir. 1996)). Mere conclusory statements that retaliation occurred are not sufficient; "The inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.' " Id. (citing Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995)).

Plaintiff generally states, "I know that this misconduct from Officer Rivera of retaliation because of my grievance of mistreatment of Inmate Phillips!" Plaintiff appears to be referring to the extra four days in lockdown. However, Plaintiff provides no further allegations regarding retaliation. Plaintiff's conclusory allegations are insufficient to state a valid retaliation claim.

  E. Failure to Protect

As a pretrial detainee, Plaintiff's constitutional rights flow from the procedural and substantive due process guarantees of the Fourteenth Amendment, whereas the constitutional rights of convicted inmates flow from the Eighth Amendment's prohibition on cruel and unusual punishment. Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976 (1994); Hare v. City of Corinth, 74 F.3d 633, 639 (5th Cir.1996) (en banc). However, the standard of analyzing failure to protect claims is the same. In this case Plaintiff cannot prevail on his failure-to-protect claim, because he does not allege that he suffered an actual physical injury resulting from prison officials' purported failure to protect. Jones v. Greninger, 188 F.3d 322, 326 (5th Cir. 1999).

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).

It is further recommended that Plaintiff be warned that if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a

claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 3rd day of February, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE